UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ASHLEY MORRISON, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>CJ APPLE I, INC., *et al.*, )<br>)<br>Defendants ) | CAUSE NO. 1:12-CV-338 RLM |

OPINION and ORDER

After hearing oral arguments in September, the court granted defendants' summary judgment motion as to the state law claims asserted against CJ Apple I, Inc. and denied the motion in all other respects. The court found that the plaintiff, Ashley Morrison, had complied with the limitations provision in her employment application by filing a timely charge of employment discrimination with the EEOC, but held that the state law claims against C.J. Apple I were time barred because there was no evidence that those claims had been included in the EEOC charge. The court denied the defendants' motion with respect to the remaining state law claims against defendant Ben Myers because he wasn't a party to the contract between Ms. Morrison and C.J. Apple I and the limitations provision didn't apply to the battery and intentional infliction of emotional distress claims asserted against him. The defendants' motion for reconsideration [Doc. No. 36] now pends before the court.

The defendants contend that Mr. Myers is a third-party beneficiary of the employment contract and so can enforce its terms, *citing, i.e.*, OEC-Diasonics, Inc. v. Major, 674 N.E.2d 1312, 1315 (Ind. 1996); Schueck Steel Co. v. GalvPro, L.P., 2003 WL 21277205 (S.D. Ind. 2003); Zeigler v. Whale Securities Co., 786 F.Supp. 739 (N.D. Ind. 1992); Estate of Carnahan v. ISM, Inc., 510 N.E.2d 748 (Ind. App. 1987), and that the limitations provision bars Ms. Morrison's state law claims against him because they weren't filed within six months of the events in question.

Ms. Morrison doesn't disagree that a third-party beneficiary can enforce a contract, but contends that the limitations provision in this case doesn't apply to the claims asserted against Mr. Myers because they don't relate to her employment. The court agrees.

Whether Mr. Myers was an intended beneficiary of the contract isn't the dispositive issue in this case. Assuming for the sake of argument that he was, the limitations provision, by its terms, is expressly limited to claims or lawsuits "relating to [Ms. Morrison's] application for employment, employment with the Company [C.J. Apple I] or separation from the Company." [Doc. No. 14-1]. Ms. Morrison's claims against Mr. Myers for battery and intentional infliction of emotional distress involve intentional acts and injuries that are separate, distinct, and unrelated to her employment. *See* Wine-Settergren v. Lamey, 716 N.E.2d 381, 386-90 (Ind. 1999) (proper focus in determining whether plaintiff can bring suit against tortfeasor co-worker is on the co-employee tortfeasor's actions, not whether the plaintiff and defendant shared a common employer).

The complaint alleges that Mr. Myers "exposed his penis, chased and grabbed [Ms. Morrison], and made repeated vulgar comments to her . . .." (Cmplt. at ¶ 6). To suggest or infer that Mr. Myers was acting within the scope of his employment or that the risk of injury to Ms. Morrison was incidental to her employment is unreasonable and unsupported by the facts or the law. Had Ms. Morrison been allowed to proceed with her *respondeat superior* claim against C.J. Apple I, the company undoubtedly would have agreed.

The state law claims against Mr. Myers aren't related to Ms. Morrison's employment within the meaning of the contract and aren't barred by the contract's limitations provision, so the court DENIES the defendants' motion for reconsideration [Doc. No. 36].

SO ORDERED.

ENTERED:   December 30, 2013


　　　　　　　　　　　　　　　　   /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　United States District Court